IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY HUTCHINSON, | § | |
| | § | No. 438, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1312012480 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  December 9, 2014
Decided:    February 10, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 10th day of February 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his defense counsel's motion to withdraw, and the appellee's response, it appears to the Court that:

(1) On May 30, 2014, a Superior Court jury found the appellant, Timothy Hutchinson, guilty as charged of Disregarding a Police Signal, Resisting Arrest, Reckless Driving, Unreasonable Speed, No Proof of Insurance, and Failure to Use a Turn Signal. On July 25, 2014, after a limited presentence investigation, the Superior Court sentenced Hutchinson on the felony and misdemeanor charges to a total of two years and two months at Level V suspended after ninety days for one year at Level II. The

court imposed $1,582.50 in fines for the traffic violations. Thereafter, in a modified sentence order dated August 1, 2014, the court reduced the unsuspended Level V time from ninety days to thirty days and provided that all other terms and conditions remain the same. This is Hutchinson's direct appeal.

(2) On appeal, Hutchinson's defense counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[1] Defense counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Also, defense counsel reports that Hutchinson did not submit any points for the Court's consideration.[2] The appellee, State of Delaware, has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's defense counsel has made a conscientious examination of the record and the

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] The record reflects that defense counsel provided Hutchinson, as required, with a copy of the motion to withdraw, the brief in draft form and appendix (which includes a copy of the trial transcript), and a letter explaining that Hutchinson had a right to submit written points for the Court's consideration. *Id.*

law for arguable claims.[3] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(4) In this case, having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[5] the Court concludes that the appeal "is wholly without merit."[6] Also, the Court is satisfied that Hutchinson's defense counsel made a conscientious effort to examine the record and the law and properly determined that Hutchinson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson v. Ohio*, 488 U.S. at 81.

[5] *Id.* at 80.

[6] *See supra* note 1.